PRUDENTIAL INSURANCE
COMPANY, Plaintiff,

v.

Lori PEREZ, Defendant–Appellant,

v.

Carlos PEREZ, Defendant–Appellee.

No. 93–16816.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 1995 *.

Decided March 27, 1995.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Mark Mausert, Hager, Atcheson & Mausert, Reno, NV, for the defendant-appellant.

William G. Kearns, Greenville, CA, for defendant-appellee.

Before: CHOY, CANBY, and T.G. NELSON, Circuit Judges.

CHOY, Circuit Judge:

In this dispute over the proceeds of United States Air Force Airman Anthony Perez's military life insurance policy, the district court granted summary judgment in favor of the deceased's father, Carlos Perez. Airman Perez's wife, Lori Perez, appeals, claiming that whether the form designating Carlos Perez as beneficiary was received by the United States Air Force is a disputed issue of material fact.

■ We review the district court's grant of summary judgment *de novo.* *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994). Summary judgment was properly granted in favor of Carlos Perez. Viewing the evidence in the light most favorable to Lori Perez, we conclude that there are no genuine issues of material fact, and the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); *see also Jesinger,* 24 F.3d at 1130.

■ The following facts are undisputed. On May 18, 1992, three days after his mar-riage to Lori A. Perez, Airman Perez executed form SGLV 8286 designating Lori Perez as the beneficiary of his military life insurance policy. A mere two months later, on July 28, 1992, while on temporary assignment at Tyndall Air Force Base in Florida, Airman Perez filled out another SGLV form naming his father as the sole beneficiary. Sergeant Cindy L. Hayter also signed the form, which indicated that by her signature she had "witnessed and received" the form. Sergeant Hayter had been designated by the United States Air Force to witness and receive such forms at Tyndall Air Force Base. Contrary to normal procedure, for some reason Airman Perez was permitted to leave Sergeant Hayter's office with all three copies of the beneficiary designation form. Sergeant Hayter has no specific recollection of Anthony Perez's visit or of assisting him in completing the SGLV form.

On August 9, 1992, while on leave and in the midst of preparing to transfer to a new duty station in Alaska, Airman Perez committed suicide. All three copies of the July 28 insurance form were discovered among Perez's personal papers at his residence. Perez's sealed personnel file, also found at his residence, contained the original insurance form designating Lori Perez as the beneficiary.

Lori Perez contends a disputed issue of material fact exists as there are two plausible explanations as to why Airman Perez left Sergeant Hayter's office with all three copies of the life insurance form in his possession. One explanation supports the inference that Airman Perez intended to change the beneficiary of his life insurance policy; the other supports the contrary inference.

■ Carlos Perez correctly observes that the question of why Airman Perez kept the forms is immaterial to resolving this dispute. Both parties recognize that Congress intended the beneficiary designation provisions of 38 U.S.C. § 1970 to be construed strictly. As the Fifth Circuit observed in *Coomer v. United States,* 471 F.2d 1, 6 (5th Cir.1973):

> Since Congress clearly intended to require strict compliance with the statute in designating the beneficiary there is no doubt that it also intended to impose similar re-

quirements when the beneficiary is changed. Any other result would create time consuming disputes over the actual intent of the serviceman, and that the very evil Congress sought to avoid by requiring written designations received by the service branch.

*See also Prudential Ins. Co. of Am. v. Parker,* 840 F.2d 6, 7 (7th Cir.1988); *Stribling v. United States,* 419 F.2d 1350, 1354 (8th Cir. 1969). The only material facts in this case are those pertaining to the legal question of whether the Air Force "received" the form designating Carlos Perez as beneficiary within the meaning of 38 U.S.C. § 1970, and, as set forth above, these facts are not in dispute.

38 U.S.C. Section 1970(a) provides that proceeds from Servicemen's Group Life Insurance policies "shall be paid ... [f]irst to the beneficiary or beneficiaries as the member or former member may have designated in writing received prior to death (1) in the uniformed services...." Although case law construing the meaning of the term "received" is sparse, in a factually analogous case the Fifth Circuit held that the beneficiary designation form need not be present in the deceased's service file prior to his death in order for it to be considered "received" within section 1970(a). *Coomer,* 471 F.2d at 4–5. The court concluded, "what happens to the form after it is received by the official record keeper cannot vitiate the validly expressed intent of the insured." *Id.* at 5. Hence, Lori Perez's emphasis on the fact that the form did not end up in Airman Perez's personnel file is misplaced.

Consistently with the court's reasoning in *Coomer,* we hold that when Airman Perez handed the form to Sergeant Hayter and she signed it in a section designated "witnessed and received by," Sergeant Hayter "received" the form on behalf of the United States Air Force for purposes of 38 U.S.C. § 1970(a). That Sergeant Hayter failed to retain any copies of the form does not invalidate its execution and receipt. Accordingly, the district court's grant of summary judgment in favor of Carlos Perez is AFFIRMED.