**Patricia MATTHEWS, Plaintiff,**

v.

**Valencia MATTHEWS, et al., Defendants.**

No. 94CV2250.

United States District Court, N.D. Ohio.

May 24, 1996.

Dennis P. Zapka, Emery James Leuchtag, Tackett, Zapka & Leuchtag, Warren, OH, for plaintiff. Patricia Matthews, Cleveland, OH, Pro Se.

John P. Quinn, Jr., Akron, OH, for Valencia Matthews.

Marlon A. Primes, Office of the U.S. Attorney, Cleveland, OH, for Federal Employees Group Life Insurance Program.

Jeffrey D. Fincun, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for Metropolitan Life Insurance Company.

## MEMORANDUM OPINION

ECONOMUS, District Judge.

The Defendants in this action, Metropolitan Life Insurance Company (MetLife), Federal Employees Group Life Insurance Program (FEGLIP), and Valencia Matthews, have each filed motions for summary judgment. As those motions involve the same issue and request identical relief, through this memorandum opinion the Court will rule on all three motions.

MetLife issues an insurance policy to the United States Office of Personnel Management for life insurance coverage for eligible federal employees. Gene R. Matthews, as an employee of the Veterans Administration Medical Center, qualified for coverage under the Federal Employees Group Life Insurance (FEGLI) policy.

Plaintiff, Patricia Matthews, married Gene Matthews in November of 1984. In July 1986, they divorced. The final Decree of Divorce affirmed their Separation Agreement which provided that Gene Matthews would designate his wife, Patricia Matthews, as the irrevocable beneficiary on all of his life insurance coverage under the FEGLI policy.

After his divorce, Gene Matthews married Defendant, Valencia Matthews. Before his death on July 13, 1994, Gene Matthews changed the beneficiary on his FEGLI policy from Patricia Matthews to Valencia Matthews. When MetLife received a Claim for Death Benefits on August 5, 1994 from Valencia Matthews, it paid her the proceeds

from the policy. Plaintiff then filed this action seeking the imposition of a constructive trust upon the insurance proceeds and that the Court order MetLife to pay the insurance proceeds to her.

Congress provided in 5 U.S.C. § 8709(d)(1) that FEGLI policies preempt state law. The statute states as follows:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

Under the FEGLI policy, an insured has a right to change the name of the beneficiary of the proceeds. Section 11 of the policy provides:

> Any employee insured hereunder may designate a Beneficiary and may, from time to time, change his designation of beneficiary ... Consent of Beneficiary shall not be requisite to any change of Beneficiary.

■ Based on the above, it appears Congress intended that the beneficiary properly designated by the insured take precedence over any other beneficiary, regardless of whether the nondesignated individual might have a valid claim under state law. *Mercier v. Mercier*, 721 F.Supp. 1124, 1126 (D.N.D.1989). The right of an insured to designate whomever he or she wants as the beneficiary of the FEGLI proceeds is therefore very broad and is unrestricted by state laws to the contrary. *Id.* at 1126. A beneficiary designation made according to procedures prescribed by the Federal Employees Group Life Insurance Act is strictly construed. *Prudential Insurance Co. v. Perez*, 51 F.3d 197, 198 (9th Cir.1995).

Numerous federal courts have held that the federal regulations regarding FEGLI benefits preempt a state divorce decree that orders an insured to designate or maintain certain persons as beneficiaries of FEGLI benefits. *See, Metropolitan Life Ins. Co. v. Christ*, 979 F.2d 575 (7th Cir.1992); *Dean v. Johnson*, 881 F.2d 948 (10th Cir.1989) *cert. denied*, 493 U.S. 1011, 110 S.Ct. 574, 107 L.Ed.2d 569 (1989); *Metropolitan Life Ins. Co. v. McMorris*, 786 F.2d 379 (10th Cir. 1986); *Metropolitan Life Ins. Co. v. McShan*, 577 F.Supp. 165 (N.D.Cal.1983); *Knowles v. Metropolitan Life Ins. Co.*, 514 F.Supp. 515 (N.D.Ga.1981) (marriage settlement agreement cannot operate as a waiver or restriction of insured's right to change beneficiary).

■ The above cases are consistent with the holding of the United States Supreme Court in *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) where it addressed the issue of federal preemption of a state divorce decree. Although *Ridgway* involved insurance proceeds under the Servicemen's Group Life Insurance Act (SGLIA), Congress intended SGLIA to be construed the same as FEGLIA. *Stribling v. United States*, 419 F.2d 1350, 1353 (8th Cir.1969). In fact, the beneficiary designation provisions in FEGLIA are even stronger that those of SGLIA because FEGLIA regulations contain the additional admonition that the insured's right "cannot be waived or restricted." *McShan*, 577 F.Supp. at 167.

In *Ridgway*, when the insured divorced his first wife, the divorce decree provided that the decedent was to maintain life insurance with his children as beneficiaries. *Ridgway*, 454 U.S. at 48, 102 S.Ct. at 51. The insured then remarried, removed his first wife as the designated beneficiary, and directed that the proceeds be paid "by law." *Id.* This provision meant that the proceeds would be distributed under an order of precedence according to SGLIA and would therefore be distributed to his spouse at the time of his death. The plaintiffs argued that a constructive trust should be applied to the proceeds for the benefit of the children. *Id.* at 49, 102 S.Ct. at 52. Although the Supreme Court found its decision "unpalatable," it held that the state divorce decree must give way to clearly conflicting federal enactments such as SGLIA. *Id.* at 54–56, 62–63, 102 S.Ct. at 54–56, 59. The Supreme Court determined that an insured under the SGLIA had the right to freely designate a beneficiary, and that there was no doubt that "Congress was aware of the breadth of the freedom of choice accord-

ed the service member under the SGLIA." *Id.* at 56, 102 S.Ct. at 55.

█ It is clear from a review of the above cases that federal law, not state law, governs this action and that a beneficiary designated in accordance with the procedures prescribed by the FGLIA should prevail over beneficiaries designated in another document. Section 8709(d)(1) of FEGLIA preempts any conflicting state statute or regulation.

█ Here, Valencia Matthews was properly designated as the FEGLI beneficiary. The Designation of Beneficiary form provided that she receive 100% of the benefits, was signed by Gene Matthews, and was witnessed by two people. Consequently, a proper designation was made and the state divorce decree provides no authority to grant the benefits to the plaintiff.

For these reasons, the motions for summary judgment must be granted in favor of the defendants and this case dismissed.

An appropriate judgment will accompany this memorandum opinion.

**IT IS SO ORDERED.**

### JUDGMENT

In accordance with the memorandum opinion this day filed, **IT IS ORDERED:**

1) the motion for summary judgment of the Defendant, Federal Employees Group Insurance Program (Dkt. #13) is **GRANTED;**

2) the motion for summary judgment of the Defendant, Valencia Matthews, (Dkt. # 18) is **GRANTED;**

3) the motion for summary judgment of the Defendant, Metropolitan Life Insurance Company (Dkt. # 28) is **GRANTED;**

4) all other pending motions are rendered moot by this order; and

5) this case is **DISMISSED with prejudice.**

This is a final and appealable order and there is no just cause for delay.