The **PRUDENTIAL LIFE INSURANCE COMPANY, a corporation,**
Plaintiff,

v.

**Sally A. MUSIC, an individual, David Perales, an individual, Mary Lee, parent of Brandon Perales and Stephanie Perales, minors, and Carl Lee and Loretta Lee, husband and wife, as Guardians of Christina Lee, a minor, Defendants.**

No. 1:96–CV–164.

United States District Court,
W.D. Michigan,
Southern Division.

April 30, 1997.

Matthew Ryan Halpin, Lewis, Clay & Munday, Detroit, MI, for Prudential Ins. Co. of America.

Anthony J. Valentine, Twohey Maggini, PLC, Grand Rapids, MI, Earl E. Erland, Grand Rapids, MI, for Sally A. Music.

Sally A. Music, Middleville, MI, pro se.

Robert F. Mirque, Grand Rapids, MI, for David Perales, Mary Perales–Detzler, Stephanie Perales, Brandon Perales.

Thomas J. Mulder, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Carl Lee, Loretta Lee.

## *OPINION*

QUIST, District Judge.

Plaintiff, Prudential Life Insurance Company, requests this Court to determine the beneficiary of a Servicemen's Group Life Insurance Policy purchased by Vincent B. Perales, Jr., now deceased. Before this Court

is Defendant Sally A. Music's motion for summary judgment.

## Facts

On February 20, 1993, Vincent B. Perales, Jr. ("decedent"), executed a Servicemen's Group Life Insurance Election and Certificate. Perales elected to purchase $200,000 of life insurance available to him by virtue of his status as member of the Michigan Army National Guard. He also designated his then spouse, Defendant Sally A. Music, as the principal beneficiary of this policy and also designated that she was to receive 100% of the policy proceeds in a lump sum. Perales' brother David Perales, one of the other Defendants in this case, was named as a contingent beneficiary.

Immediately above the written designation provision in the certificate is the following language:

b. A named beneficiary will not be changed automatically by any event occurring after you complete this form (e.g. divorce, annulment).

Also, the Servicemen's and Veterans' Group Life Insurance Handbook provides in Section 5.05(d) that "a designation, change or cancellation will take effect only if it is in writing, signed by the insured and received prior to the date of death of the insured by his or her uniformed service." Plaintiff was the issuer of the life policy, which was duly witnessed and received.

In 1994 the decedent and Sally were divorced. The divorce decree states that all beneficiary designations were canceled. Perales never changed the beneficiary under the policy. Vincent Perales had three children by his first wife, Mary Lee Perales. The three children were minors when Vincent Perales was killed. The oldest child, Christina, lived with her aunt and uncle, Defendants Carl and Loretta Lee, her court-appointed guardians. The remaining Defendants in this action are the other two children.

In her motion for summary judgment, Defendant Music argues that the beneficiary designation provisions are to be strictly interpreted, and that she should be awarded the $200,000 in policy proceeds. She maintains that the designated beneficiary takes precedence over other claimants.

In response, Defendant David Perales asserts that he should be the beneficiary because, based on extrinsic evidence, the language of the policy contains a latent ambiguity. He claims that since the insured's wish was to have the proceeds go to his spouse, and the insured was not married at the time of his death, Defendant Music cannot recover. In their response, Defendants Carl and Loretta Lee assert that Defendant Music's motion for summary judgment should be denied because factual issues, including whether Music may take the proceeds as a trustee for the children, need to be resolved at trial. The Lees also claim that Defendant Music waived her claim to the proceeds by her actions before Perales' death. The Lees have submitted sworn testimony in their attempt to show the existence of factual issues.

## Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. The summary judgment standard mirrors the standard for a directed verdict. The only difference between the two is procedural. Summary judgment is made based on documentary evidence before trial, and directed verdict is made based on evidence submitted

at trial. 477 U.S. at 250–51, 106 S.Ct. at 2511.

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi,* 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle,* 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### Analysis

■ The Servicemen's Group Life Insurance Act ("SGLIA") establishes a specified order of preference for policy beneficiaries. 38 U.S.C. § 1970(a). Under this subsection, the policy proceeds are first paid to such "beneficiary or beneficiaries as the member . . . may have designated by a writing received prior to death." *Id.* The purpose of the detailed statutory language is to provide protection for the service member's designated beneficiary. *Ridgway v. Ridgway,* 454 U.S. 46, 53, 102 S.Ct. 49, 54, 70 L.Ed.2d 39 (1981). The legislation does not mention any possible effects of state law or state judgments. Due to the Supremacy Clause, "a state divorce decree, like other law governing the economic aspects of domestic relations, must give way to clearly conflicting federal enactments." *Id.* at 54, 102 S.Ct. at 55. Further, preemption applies "even when the area being regulated by federal law is one of special concern to the state." *Baylson v. Disciplinary Bd. of Supreme Ct. of Pa.,* 975 F.2d 102, 111 (3d Cir.1992) (citing *Fidelity*

*Federal Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982)). The burden of proof to demonstrate that requisite steps were taken to change a beneficiary lies with the person claiming to be substituted. *Geis v. United States,* 404 F.2d 154 (9th Cir.1968).

The Court finds that the *Ridgway* factual and legal analysis applies in this case. In *Ridgway,* an insured's first and second wives both applied for benefits pursuant to a SGLIA policy. The first wife based her claim, on behalf of three minor children, on the divorce decree. The second wife relied instead on the beneficiary designation and her status as widow. Reversing the New Jersey State Supreme Court, the United States Supreme Court held for the second wife. It rejected the imposition of a constructive trust, and concluded that the SGLIA prevails over inconsistent state law. As a result, any trust-like diversion from the second wife's receipt of the proceeds was considered a forbidden "seizure." *Ridgway,* 454 U.S. at 60, 102 S.Ct. at 58.

■ In the case at hand, federal law must likewise prevail. The decedent made an unambiguous designation of Defendant Music in the policy. Although Music's last name changed after the designation, no other material fact has changed. There is no evidence that the decedent gave any written or other notification to the appropriate armed forces office of a change in his beneficiary designation. *See Stratton v. Servicemen's Group Life Ins. Co.,* 422 F.Supp. 1119, 1121 (S.D.Iowa 1976). *See also Matthews v. Matthews,* 926 F.Supp. 650 (N.D.Ohio 1996) (insured's designation of current wife took precedence over prior state divorce decree).

■ Further, even assuming that the non-Music Defendants are correct that the decedent's intent was not to give proceeds to Music, Music still prevails. Under governing case law, "intent alone is insufficient to effect a change in beneficiary." *Prudential Ins. Co. v. King,* 453 F.2d 925, 930–31 (8th Cir. 1971). As the court stated in *Benard v. United States,* 368 F.2d 897, 901 (8th Cir. 1966), "we have uniformly held that intent alone is insufficient to effect a change in beneficiary and that in addition there must

be proof that the insured did by way of an affirmative act all that could reasonably have been expected of him ... to effectuate his intention to change his beneficiary." The decedent having failed to take the routine steps for changing the beneficiary, this Court is duty-bound to honor his expressed designation.

As in *Stratton*, the Court recognizes that the Lees and David Perales consider the Court's conclusion today to be inequitable. The *Ridgway* Court addressed such a sub-issue. In a footnote, the Court observed that where the serviceman has "misdirected property" by his designation and deprived certain individuals of benefits to which they would be entitled under state law, the same legal result must be reached. *Ridgway*, 454 U.S. at 59 n. 8, 102 S.Ct. at 57 n. 8 (citing *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950)). Also, as in *Ridgway*, there is no evidence in the instant case that the named beneficiary has done any wrong—unjust enrichment is not the issue here. Moreover, it is certain that great inequity would result on a wide scale if courts failed to recognize a clear, written designation pursuant to federal law. In that event, all SEGLI designees and designors would have reason to question the validity of the designation, and administrative nightmares would be the norm. At a minimum, if there is legal redress for the alleged unfairness in the instant case, this Court is not the proper forum.

■ The Lees' waiver argument must likewise be rejected. Even assuming all requirements for waiver have been satisfied, the waiver argument is preempted by the SGLIA. *Brewer v. Zawrotny*, 978 F.2d 1204, 1206 (10th Cir.1992). This Court is prevented from taking any legal or equitable action that would result in a seizure of the policy proceeds either before or after receipt by the designated beneficiary. 38 U.S.C. § 1970(g). State-based waiver remedies may not be imposed if they would result in inconsistencies with the federal statute. *Ridgway*, 454 U.S. at 53–57, 60, 102 S. Ct. at 54–56. Neither the Lees nor David Perales has demonstrated that this Court has a basis for disregarding the preemption baked into the federal scheme.

■ The constructive trust argument is also misplaced. In *Ridgway*, the Court reversed the New Jersey Supreme Court order imposing a constructive trust for two reasons. Both of these apply here. First, the trust would be inconsistent with the mandatory language in the beneficiary designation provision of the SGLIA. This provision states that the benefit "shall" be paid to the beneficiary designated in a writing received by the armed forces prior to the insured's death. 38 U.S.C. § 1970(a). Such language reflects Congress' "force and clarity in directing that the proceeds belong to the named beneficiary and no other." *Ridgway*, 454 U.S. at 56, 102 S.Ct. at 55 (quoting *Wissner v. Wissner*, 338 U.S. at 658, 70 S.Ct. at 399). Second, a constructive trust in this case would be contrary to the anti-attachment provision of the SGLIA, set forth in 38 U.S.C. § 1970(g). That provision prohibits the seizure of SGLIA death benefits from the designated principal beneficiary "by or under any legal or equitable process whatever." *Id.* As the *Ridgway* court noted, any "diversion of the proceeds of [the policy] by means of a court-imposed constructive trust would ... operate as a forbidden 'seizure' of those proceeds." *Ridgway*, 454 U.S. at 60, 102 S.Ct. at 58. Neither the Lees nor Perales has cited a case as applicable as *Ridgway*, nor have they cited sufficient particulars so as to render *Ridgway* distinguishable.

■ Defendant Perales relies heavily on extrinsic evidence to prove latent ambiguity in the policy. Such reliance is unsound because it rests on faulty premises. Defendant Perales is mistaken in his assumption that the "spouse" description contained in the policy can override the meaning of the clear and unambiguous designation of the name itself. *See Ester v. Prudential Ins. Co.*, 298 Mich. 330, 334, 299 N.W. 96, 97 (1941)(holding that an inaccurate reference to a "wife" is merely descriptive language and not controlling). Perales also wrongly relies on the fact that Defendant Music became an ex-wife, and no longer a wife, at some point after the insurance policy came into effect. However, it is obvious that this evidence did not exist until after the designation was made. The court held in *Brown v. A.F. Bartlett and Co.*, 201

Mich. 268, 278, 167 N.W. 847 (1918) that evidence of facts existing when an instrument is executed may be admitted, for the purpose of orienting the court to the circumstances at the time and to shed light on the parties' intentions. As far as this Court can tell, Perales' attempt to create an ambiguity, while creative, enjoys no foundation in the jurisprudence of the State of Michigan or elsewhere.

### Conclusion

For the foregoing reasons, the motion for summary judgment by Defendant Sally A. Music is granted. An Order to this effect will be entered.