Nos. 96-3684/3770

Prudential Insurance Company,    *
                                 *
              Plaintiff, *
                                 *
      v.                         *
                                 *
Curtis R. Hinkel,                *    Appeals from the United States
                                 *    District Court for the
      Appellant/Cross-Appellee,* Northern District of Iowa.
                                 *
Anna Hinkel, a minor,        *
                                 *
      Appellee/Cross-Appellant.*

_____

Submitted: June 11, 1997

Filed: July 30, 1997

_____

Before LOKEN and LAY, Circuit Judges, and FENNER,[1] District Judge.
_____

FENNER, District Judge.

     Appellant, Curtis R. Hinkel, appeals the judgment of the District
Court which granted summary judgment in favor of appellee[2], Anna Hinkel.
The judgment of the District Court is

_____

     [1]The Honorable Gary A. Fenner, United States District Judge
for the Western District of Missouri, sitting by designation.

     [2]Appellee, Anna Hinkel, references herself in this appeal as
appellee/cross appellant.  However, in her brief on appeal, Anna
Hinkel fails to challenge the judgment of the District Court in
any respect and asks that said judgment be affirmed.  Anna Hinkel
presents no issues for review which challenge the judgment of the
District Court and requests no relief from the judgment as
required under FRAP 28(a)(7).  Anna Hinkel is an appellee only
and not a cross appellant.

reversed and this cause remanded with directions that summary judgment be granted in favor of appellant.

The underlying cause is an interpleader action brought by Prudential Life Insurance Company of America (Prudential). Prudential initiated this action in regard to a life insurance policy it had issued to Gail Hinkel in the amount of $200,000, pursuant to the Servicemen's Group Life Insurance Act, Title 38 U.S.C. § 1965 (SGLIA). At the time of the policy's issuance, Gail Hinkel listed her husband, Curtis Hinkel, as beneficiary. Subsequent to Gail's designation of Curtis as beneficiary, the Hinkels were divorced. Upon dissolution of their marriage, Curtis and Gail Hinkel were granted joint custody of their minor child, Anna Hinkel, the appellee herein. In the dissolution proceeding, Curtis and Gail Hinkel entered into a Stipulation for Dissolution of Marriage, which was incorporated by the Decree of Dissolution. In this stipulation the parties agreed, among other matters, that each would maintain a life insurance policy on their life of at least $250,000, naming Anna Hinkel as the sole beneficiary. After the dissolution of her marriage, without changing the beneficiary of her SGLIA policy from Curtis to Anna, Gail Hinkel died.

Upon Gail's death, Curtis made claim to the SGLIA policy proceeds as his own property. Rather than pay Curtis, Prudential filed the petition in this cause as a stakeholder of the policy, and asked the Court to decide whether Curtis Hinkel or Anna Hinkel would be the proper payee.

The issues presented came before the District Court on appellant's motion for judgment on the pleadings which was later converted to a motion for summary judgment with the consent of counsel for the parties herein. In its order, the District Court

2

found Curtis Hinkel "bound by the stipulated Dissolution of Marriage Settlement Agreement and court ordered Decree of Dissolution which, together, clearly mandates the child should be the recipient of the proceeds." The District Court determined appellee, Anna Hinkel, to be the beneficiary of the policy holding that under Iowa law a constructive trust should be imposed on the proceeds of the policy, and finding among other matters that Curtis Hinkel had exercised undue influence.

### STANDARD OF REVIEW FROM SUMMARY JUDGMENT

"In reviewing a decision of a district court to grant summary judgment we must apply the same strict standard as the district court. . . [O]ur review is therefore do novo." **Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).** A court should grant summary judgment if "there is no genuine issue of material fact" and "the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The burden is on the movant to establish the absence of a material fact issue by identifying portions of the pleadings, depositions, answers to interrogatories, admission on file, and affidavits. **Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).** The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). One of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses and the rule should be interpreted in a way that allows it to accomplish this purpose. **Celotex Corp. v. Catrett, 477 U.S. at 323-24.** However, in ruling on a summary judgment motion, the Court views the facts in the light most favorable to the nonmoving party and allows that party the benefit of all reasonable inferences to be drawn from the evidence. **Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).**

3

**APPEAL**

On appeal, appellant Curtis Hinkel argues that he is entitled to judgment as a matter of law relying chiefly on the decision of the United States Supreme Court in *Ridgway v. Ridgway*, **454 U.S. 46 (1981)**. We agree.

In *Ridgway*, Sergeant Ridgway and his first wife were divorced and he was ordered to keep in force the insurance policies on his life for the benefit of the three children of the marriage. After his remarriage, Sergeant Ridgway changed the beneficiary designation on his SGLIA policy from his first wife, April, to his second wife, Donna. Both April and Donna filed claims for the proceeds of the policy. April's claim was on behalf of the children, pursuant to the divorce decree. The Supreme Judicial Court of Maine held that Donna must hold the policy proceeds as constructive trustee on behalf of the children. The United States Supreme Court reversed the decision of the Supreme Judicial Court of Maine. *Ridgway*, **454 U.S. at 63**.

In *Ridgway*, the Supreme Court held that a state divorce decree, like other law governing economic aspects of domestic relations, must give way to clearly conflicting federal enactments as a necessary consequence to the supremacy clause. *Ridgway,* **454 U.S. at 54-55**. The Supreme Court further held that the controlling provisions of SGLIA, under which an insured service member possesses the right freely to designate a beneficiary and to alter that choice at any time by communicating the decision in writing to the proper office, prevail over and displace inconsistent state law. *Ridgway*, **454 U.S. at 55**.

The imposition of a constructive trust in favor of Sergeant Ridgway's three children by former marriage, in accordance with a

4

state court divorce decree, upon proceeds of an insured's SGLIA policy was found to be inconsistent with the SGLIA's antiattachment provision, 38 U.S.C. § 770(g). **Ridgway, 454 U.S. at 60**. Therefore, any diversion of an insured's SGLIA policy by means of a court-imposed constructive trust which is contrary to the insured's beneficiary designation so that the policy proceeds are to be paid to someone other than the beneficiary at the time of the insured's death, operates as forbidden "seizure" of those proceeds. **Ridgway, 454 U.S. at 60.**

Appellee, Anna Hinkel, attempts to distinguish this case from **Ridgway** by arguing that the language in the Stipulation of Dissolution in the case at bar created an express trust. The relevant language in the case at bar provides as follows:

> 3.9  The Husband and Wife shall each maintain a policy of life insurance on their life of at least $250,000 and the minor child shall be named as sole beneficiary of both the Husband and Wife's policies.
>
> 9.1  Each of the parties will execute and deliver to the other party any documents that may be reasonably required to accomplish the intent of this instrument and shall do all other things incident to this end. In the event either party fails to comply with the provisions of this paragraph within thirty (30) days hereof, this Agreement shall constitute an actual grant, assignment and conveyance of the property and rights in such manner and with such force and effect as shall be necessary to effectuate the terms of this Agreement. The titles appearing in each numbered paragraph at the commencement thereof shall not be construed or considered as part of the body of this Agreement but shall be considered as general identification only of the contents of the respective paragraphs.[3]

---

[3]The parties do not dispute that this language adequately references the SGLIA policy in question.

5

Appellee argues that in *Ridgway*, there was no language in the divorce decree similar to paragraph 9.1 above declaring "an actual grant, assignment and conveyance of the property and rights in such manner and with such force and effect as shall be necessary to effectuate the terms of this agreement."

Appellee's attempt to distinguish *Ridgway* is of no avail. As clearly stated in *Ridgway,* the only way to change a beneficiary under the SGLIA is to communicate that decision in writing to the proper office. *Ridgway*, **454 U.S. at 53**. This was never done by Gail Hinkel. To allow a change of beneficiary by other means would be contrary to the terms established by Congress as addressed in *Ridgway*.

Furthermore, SGLIA was intended by Congress to be construed the same as the Federal Employees Group Life Insurance Act (FEGLIA). *Mathews,* **926 F.Supp. 650, 652 (citing** *Stribling v. United States***, 419 F.2d 1350, 1353 (8th Cir. 1969))**. It has been consistently held in regard to FEGLIA that a divorce decree cannot operate as a waiver or restriction of an insured's right to change the beneficiary when federal regulations conflict. *See, Metropolitan Life Insurance Company v. Christ***, 979 F.2d 575 (7th Cir. 1992);** *Dean v. Johnson,* **881 F.2d 948 (10th Cir. 1989)** *cert. denied,* **493 U.S. 1011 (1989);** *Metropolitan Life Insurance Company v. McMorris***, 786 F.2d 379 (10th Cir. 1986);** *Metropolitan Life Insurance Company v. McShan***, 577 F.Supp. 165 (N.D. Cal. 1983);** *Knowles v. Metropolitan Life Ins. Co.,***, 514 F.Supp. 515 (N.D. Ga. 1981);** *Mathews v. Mathews***, 926 F.Supp. 650 (N.D. Ohio 1996)**.

Additionally, appellee argues that the record in the case at bar supports the finding of the District Court that appellant,

6

Curtis Hinkel, exerted undue influence on his ex-wife in regard to her not changing the beneficiary on her SGLIA policy.  Anna argues this establishes an exception to the general principles of *Ridgway*.

In the case at bar, the District Court relying on Iowa law found that Curtis Hinkel had exercised undue influence in regard to Gail not changing the beneficiary of her SGLIA policy from Curtis to Anna.      In *Ridgway*, the Supreme Court did recognize that it was not addressing "the legal aspects of extreme fact situations or of instances where the beneficiary has obtained the proceeds through fraudulent or illegal means as, for example, where the named beneficiary murders the insured service member." *Ridgway*, **454 U.S. at 57**.  However, the evidence presented in this case is not the type of fraud contemplated by *Ridgway* as presenting an extreme fact situation which might cause an exception to the holding of *Ridgway*, nor is it even sufficient to establish undue influence under Iowa law.

In determining that there was undue influence in the case at bar, the District Court relied on the case of *In re Matter of Estate of Welch*, **534 N.W.2d 109 (Iowa App. 1995)**.  In *In re Welch*, the Court of Appeals of Iowa stated, in pertinent part, as follows:

> Undue influence is unfair persuasion of a party who is under the domination of the person exercising the persuasion or who by virtue of the relation between them is justified in assuming that the person will not act in a manner inconsistent with his or her welfare.  Restatement (Second) of Contracts § 177 (1981).  The ultimate question is whether the result was produced by means that seriously impaired the free and competent exercise of judgment. *Id.*, **§ 177 cmt. b;** *See Peoples Bank & Trust Co. v. Lala*, **392 N.W.2d 179 (Iowa App. 1986)**. There are four elements necessary to sustain a finding of undue influence.  They are: (1) the grantor's susceptibility to undue influence; (2) opportunity to

7

exercise such influence and effect the wrongful purpose; (3) disposition to influence unduly for the purpose of procuring an improper favor; and (4) a result clearly the effect of undue influence. ***Pence v. Rawlings*, 453 N.W.2d 249, 252 (Iowa App. 1990)**.

*In re Matter of Estate of Welch*, **534 N.W.2d at 112**.

The only evidence of undue influence presented to the District Court was an affidavit from Gail Hinkel's mother, Connie Loftus.[4] In her affidavit, Ms. Loftus stated that after Gail's dissolution from Curtis, Gail stated to her as follows:

> ". . . that [Gail] had not changed the beneficiary form to date. [Gail] indicated that she didn't know if she was going to based on the fact that Curtis had told her that it would be better for Anna if it was left as is and not changed."

The affidavit of Connie Loftus does not establish a result which was clearly the effect of undue influence. Curtis and Gail Hinkel were divorced which circumstance did not establish a relationship where Gail would be justified in assuming that Curtis would act in a manner consistent with her welfare. The affidavit is also clearly insufficient to establish that Gail's free and competent exercise of judgment was seriously impaired by Curtis. Even considering the evidence in the light most favorable to appellee and allowing appellee the benefit of all reasonable inferences to be drawn from the evidence, we find that there is no genuine issue of material fact and that appellant is entitled to judgment as a matter of law.

---

[4]The record reflects that the affidavit was received in evidence without objection by appellant.

8

The judgment of the District Court is reversed and this cause is remanded with directions that summary judgment be entered in favor of Curtis Hinkel.

A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

9