# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4006

_____

| | | |
|---|---|---|
| Irene M. Tork, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| St. Luke's Hospital, | * | |
| A Not-for-Profit Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 10, 1999

Filed: June 29, 1999

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and WATERS,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Irene Tork sued St. Luke's Hospital, her former employer, for constructive discharge pursuant to the Age Discrimination in Employment Act, see 29 U.S.C. §§ 621-634. The district court granted summary judgment to the hospital on the

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, sitting by designation.

grounds that the evidence did not make out a submissible case of constructive discharge. Ms. Tork then moved to alter or amend the court's order pursuant to Fed. R. Civ. P. 59(e), contending that she had new evidence that the court should consider, and that the court had misapplied the law of constructive discharge. The district court denied Ms. Tork's motion because the motion was untimely and the evidence presented was not new. Ms. Tork appeals and we affirm the judgment of the district court.[2]

I.

A constructive discharge arises when an employer intentionally creates a work environment so intolerable as to compel a reasonable employee to quit, and the employee does in fact quit. Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 494 (8th Cir. 1996). The allegedly intolerable conditions on which Ms. Tork relies arose from one oral and two written evaluations of her work, all from her immediate supervisor. Ms. Tork asserts that she was unjustly criticized and was denied recourse when she sought review of these evaluations. After a careful examination of the record, we conclude that these conditions do not approach the level of intolerability that our cases have consistently required before a plaintiff can prevail in this kind of case.

We have held that " 'a feeling of being unfairly criticized ... [is] not so intolerable as to compel a reasonable person to resign.' " Breeding v. Arthur J. Gallagher and Co., 164 F.3d 1151, 1161 (8th Cir. 1999), quoting Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994). Ms. Tork contends, however, that, in addition to being criticized unfairly, she was deprived of any recourse: She stated in an affidavit that she attempted to protest the first written evaluation by speaking with someone in the hospital's human resources department, but was denied the opportunity to do so, and that she intended to exercise her right to file a formal complaint with the employee assistance program, but was told

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

by her supervisor that it was too late to do so. With respect to the second written evaluation, she stated that she tried to speak to her supervisor about it, but was "ignored."

Although we have held that a lack of recourse within an employer's organization can contribute to a case for constructive discharge, see Howard v. Burns Brothers, Inc., 149 F.3d 835, 842 (8th Cir. 1998), in this case Ms. Tork sought review beyond her direct supervisor (who issued the performance evaluations) for only one incident; on the occasion of the second written evaluation she quit minutes after receiving it, having spoken to her supervisor briefly. She failed to seek review of her supervisor's action through either the human resources department or the employee assistance program, both of which avenues were available to her.

We believe that it would not have been reasonable for Ms. Tork to believe that she was without recourse. See Kimzey v. Wal-Mart Stores, Inc., 107 F.3d 568, 574 (8th Cir. 1997) ("[i]f an employee quits because she reasonably believes there is no chance for fair treatment, there has been a constructive discharge"). Furthermore, Ms. Tork had an obligation to act reasonably by not assuming the worst and by not jumping to conclusions too quickly. Tidwell, 93 F.3d at 494. We think that quitting her job after a few incidents of allegedly unfair criticism and one incident of denied recourse, if indeed she was denied recourse, was jumping to conclusions too quickly. "An employee who quits without giving [the] employer a reasonable chance to work out a problem has not been constructively discharged." Id.

## II.

Ms. Tork asserts in her brief that new evidence, in the form of an affidavit from Virginia Cleary, who was allegedly terminated because of her age, further tended to prove the intolerability of Ms. Tork's work conditions. At oral argument, however, Ms. Tork's counsel conceded that Ms. Cleary's testimony would tend to show only that the reason for the conditions to which Ms. Tork was subjected was linked to

Ms. Tork's age.  We therefore do not consider this evidence in deciding whether the alleged conditions were sufficiently intolerable to make out a submissible case of constructive discharge.

The only new evidence that Ms. Tork points to in her brief as supportive of her motion under Fed. R. Civ. P. 59(e) was Ms. Cleary's testimony.  Having already ruled that this evidence has no tendency to show that Ms. Tork's working conditions were intolerable, we hold that the district court committed no error in rejecting Ms. Tork's motion to alter or amend.

III.

For the reasons stated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.