Jayne SCHMITT, Plaintiff,

v.

CONAGRA FOODS, Defendant.

No. 8:03CV267.

United States District Court,
D. Nebraska.

Oct. 19, 2004.

Michael B. Kratville, Kratville Law Firm, Omaha, NE, for Plaintiffs.

Patrick J. Barrett, McGrath, North Law Firm, Omaha, NE, for Defendants.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56, Filing No. 16. The plaintiff filed this action alleging that defendant discriminated against her in violation of Title VII, 42 U.S.C. § 2000e–5 and 42 U.S.C. § 1985, by creating a hostile work environment and by constructively discharging her. I have carefully reviewed the record, briefs in support of and in opposition to the motion, and the relevant case law. I conclude that defendant's motion should be granted.

*Standard of Review*

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c); *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 999 (8th Cir. 2003). When making this determination, the court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Johnson v. Crooks*, 326 F.3d 995, 1007–08 (8th Cir. 2003).

The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir.1997) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505). Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of her claim. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 762 (8th Cir.1995). "One of the principal pur-

poses of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Additionally, Rule 56(e) provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*See* Fed.R.Civ.P. 56(e).

A party seeking summary judgment bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Tenbarge v. Ames Taping Tool Sys., Inc.,* 128 F.3d 656, 657 (8th Cir.1997) (quoting *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548 (noting that the movant must show "there is an absence of evidence to support the nonmoving party's case.")). In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" *Prudential Ins. Co. v. Hinkel,* 121 F.3d 364, 366 (8th Cir.1997) (quoting Fed.R.Civ.P. 56(e)). A nonmoving party may not rest upon the mere allegations or denials of its pleadings; but, rather, must show specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. *See* Fed.R.Civ.P.

56(e); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.,* 153 F.3d 919, 922 (8th Cir. 1998).

■ Summary judgment motions must be carefully used in an employment discrimination case, and the court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Smith v. St. Louis Univ.,* 109 F.3d 1261, 1264 (8th Cir.1997). However, summary judgment is appropriate when there is no factual dispute on an essential element of a claim. *Id.* at 1267–68.

*Discussion*

Defendant hired plaintiff in 1997. Plaintiff's last day of employment was April 2, 2002. At the time she left the company, plaintiff held the position of a production trainer. She had held various positions prior to that time. Sometime in July 2001, plaintiff informed the human resources manager, Mr. Holtan, that she had been subjected to harassment by another employee, Mr. Fisher. Fisher did not have direct to authority over the plaintiff. An investigation ensued and Holtan placed an incident report in Fisher's file and gave Fisher a copy of the defendant's sexual harassment policy.

Plaintiff contends that defendant subjected her to a hostile work environment. The acts complained of by the plaintiff include safety violations, employees who were drunk at work, employees who did not "help" her, and treatment of her and others who had "hickeys" in a different manner. Specifically, she argues that she and another female worker were written up for having hickeys while male workers with hickeys were not written up. She also complained that someone spilled ink on her, that Fisher asked her to rub her breasts on another employee, that he made

a statement about her dating white boys, and he rubbed his genitals after making comments about her appearance. All of these instances appear to have occurred in early July 2001. Plaintiff contends that she complained to her supervisor, Mr. Coon, on three occasions, but he did nothing. She states that she began complaining to the human resources department in July 2001. Plaintiff further contends that human resources did not get back to her about her complaints, and plaintiff alleges that she was constructively discharged.

Defendant contends that plaintiff cannot state a cause of action for sexual harassment, as the conduct complained of could not legally be construed to create a hostile work environment. More importantly, argues the defendant, members of the human resources department responded promptly to plaintiff's complaints of harassment. Holtan testified that he investigated plaintiff's complaints and took action. Defendant contends that plaintiff was not constructively discharged, but she left her employment voluntarily.

Plaintiff acknowledged that she was aware there was a no tolerance policy for sexual harassment and that she had read that policy. She reported the harassment to Coon, who said he would report it to human resources. Filing No. 18, Tr. 69–70. Plaintiff also admitted that after human resources personnel said they talked to Fisher on July 13, the sexual harassment stopped. Filing No. 18, Tr. 78:1–8. She also testified that she quit because she was given less work, there was less communication, she felt like she did not belong there, and she was no longer permitted to work on Saturdays. Filing No. 18, Tr. at 120–121. She further testified that her job was posted before she gave her two weeks' notice. Filing No. 18, Tr. 121:1–5.

### a. Work Environment

■ The primary question before this court is whether the conduct complained of creates a material fact as to the severity of the work environment. The actions complained of by the plaintiff occurred on or about July 1 through 5, 2001. The defendant became fully aware of plaintiff's claims on July 12, 2001. Mr. Holtan read the sexual harassment policy to Fisher and placed a record of the incident in his file. There appears to be no other complaints about Fisher in his personnel file. Plaintiff testified that nothing happened to her after that time with regard to Fisher.

■ In order to establish a cause of action for hostile work environment, a plaintiff must prove

> (1) that she 'belongs to a protected group,' (2) that she has been sexually harassed by the defendant, (3) that the defendant's conduct was based on the plaintiff's gender, (4) that the defendant's conduct was unwelcome, and (5) 'that the harassment affected a term, condition, or privilege of employment.'

*Moring v. Arkansas Dep't of Corr.*, 243 F.3d 452, 455 (8th Cir.2001) (citing *Scusa v. Nestle USA Co.*, 181 F.3d 958, 964 (8th Cir.1999)). To be actionable, the harassment must be "both objectively and subjectively offensive, such that a reasonable person would consider it to be hostile or abusive. . . ." *Moring*, 243 F.3d at 455 (citing *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1158 (8th Cir.1999)). The harassing behavior "affect[s] a term, condition, or privilege of employment" if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (citing *Howard v. Burns Bros., Inc.*, 149 F.3d 835, 840 (8th Cir.1998)). Factors used to determine

> whether conduct rises to the level of abusiveness include the 'frequency of the

discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'

*Id.* (citing *Howard,* 149 F.3d at 840). Plaintiff has the burden of showing that the workplace is so permeated with discriminatory ridicule, insult, or intimidation that it created an abusive environment within which to work. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Simple teasing or offhand comments do not rise to this level. *Clark Co. School Dist. v. Breeden,* 532 U.S. 268, 270–71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

I have carefully reviewed the record. I conclude that no set of facts would be sufficient to allow a jury to determine that a hostile environment existed in this case. The harassment appears to have lasted for only a few days. Although it is unclear if plaintiff's immediate supervisor might not have acted immediately, the human resources department handled the issue immediately. Even though plaintiff wished for more severe sanctions than Fisher received, the evidence presented shows that this was apparently a first-time offense. The human resources department did take immediate action. Further, plaintiff testified that no additional sexual harassment occurred after that time. Consequently, I shall grant defendant's motion as to this claim.

### b. *Constructive Discharge*

 I move now to plaintiff's claim that defendant constructively discharged her. In order to establish a claim of constructive discharge, plaintiff would be required to present evidence that the conditions were so intolerable that a reasonable person would not be able to remain in that employment, *Tidwell v. Meyer's Bakeries, Inc.,* 93 F.3d 490, 494 (8th Cir.1996), or

show that the actions were of such a nature that they are designed to force the employee to quit. *Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1256 (8th Cir. 1981). The Eighth Circuit has held that to constitute a constructive discharge, the employer's actions must be conducted with the intention of causing the employee to resign. *Id.* Further, it is not sufficient that she simply shows a violation of Title VII. *Hutchins v. International Brotherhood of Teamsters,* 177 F.3d 1076, 1082 (8th Cir.1999); *Phillips v. Taco Bell Corp.,* 156 F.3d 884, 890 (8th Cir.1998). "Constructive discharge occurs when an employer deliberately renders the employee's working conditions intolerable and thus forces him to quit his job." *Klein v. McGowan,* 198 F.3d 705, 709 (8th Cir. 1999); *Kimzey v. Wal-Mart Stores, Inc.,* 107 F.3d 568, 574 (8th Cir.1997). "The intent element is satisfied by a demonstration that quitting was a 'reasonably foreseeable consequence of the employers discriminatory actions.'" *Breeding v. Arthur J. Gallagher & Co.,* 164 F.3d 1151, 1159 (8th Cir.1999) (*quoting Summit v. S–B Power Tool,* 121 F.3d 416, 421 (8th Cir. 1997)). Further, an employee has an obligation to not assume the worst and act too quickly for purposes of determining whether she has been constructively discharged. *Tork v. St. Luke's Hospital,* 181 F.3d 918, 920 (8th Cir.1999). Minor changes in duties or working conditions do not constitute grounds for a constructive discharge claim. *Kerns v. Capital Graphics, Inc.,* 178 F.3d 1011, 1016–17 (8th Cir.1999); *Harlston v. McDonnell Douglas Corp.,* 37 F.3d 379, 382 (8th Cir.1994).

 In the case before me, I conclude that plaintiff has failed to present evidence to support her constructive discharge claim that is sufficient to submit to a jury. First, plaintiff has come forth with no evidence of intolerable work conditions that

would make a reasonable person quit. At most, she appears to be unhappy with the communication among the employees. Second, plaintiff has failed to adduce evidence that would support a jury verdict that defendant deliberately tried to force the plaintiff to quit her position. Plaintiff argues that her job vacancy was posted before she resigned. Defendant offered the affidavit of Holtan which states that the defendant had decided to hire another trainer which had nothing to do with plaintiff's position. Plaintiff offered no credible evidence to rebut this claim. The only other argument plaintiff makes is that she did not receive as much Saturday overtime as she had previously received. Assuming that this is true, such an allegation, standing alone, does not rise to the level required to support a constructive discharge case. In any event, plaintiff testified in her deposition that this was not what made her quit; that "what forced me to quit was because there was no communication, no-nothing there, and I felt like I didn't belong there." Filing No. 18, 119:14–25; 120–1–14. I find that plaintiff has failed to meet her burden of offering evidence that would support a constructive discharge claim. Consequently, I shall dismiss this claim.

THEREFORE, IT IS ORDERED:

1. Defendant's motion for summary judgment, Filing No. 16, is granted.

2. A separate judgment shall be entered.