In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-2984

ALEXANDRIA M. MELTON, a minor,
by and through her mother
and next friend, JUDY M. MELTON,

*Plaintiff-Appellant*,

*v.*

PEGGY D. MELTON, DEERE & COMPANY, and
LIFE INSURANCE COMPANY OF NORTH AMERICA,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 C 4007—**Joe Billy McDade**, *Chief Judge.*

ARGUED JANUARY 22, 2003—DECIDED APRIL 8, 2003

Before FLAUM, *Chief Judge*, and MANION and WILLIAMS,
*Circuit Judges.*

FLAUM, *Chief Judge.* Plaintiff Alexandria Melton, the
minor daughter of deceased Richard Melton and his for-
mer wife Judy Melton, and Defendant Peggy Melton,
Richard Melton's most recent ex-wife, both claim entitle-
ment to the group term life insurance proceeds from Rich-
ard Melton's employee benefits plan, which is regulated
by the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq*. Alexandria Melton argues that under Illinois state law, namely by designation in her parents' divorce agreement, she is the rightful beneficiary of Richard Melton's life insurance policies. The district court disagreed, finding that ERISA preempts Illinois law with respect to the status of beneficiaries under ERISA-governed employee benefits plans. Since Peggy Melton was the named beneficiary of Richard Melton's ERISA-regulated employee group term life insurance policy at the time of his death, the district court held that Peggy Melton was entitled to receive the proceeds from this insurance policy. We affirm.

## I. BACKGROUND

Alexandria Melton is the 14-year-old daughter of Richard Melton, who died on December 31, 2001, and Judy Melton, who was married to Richard from 1986 until their divorce in 1989. Richard and Judy's divorce agreement required Richard to maintain all then-existing life insurance policies in the names of Alexandria and his two other minor children from a prior marriage for "so long as he owes the duty of support for each of the minor children."

Richard married Peggy Melton in 1993. During their marriage Richard named Peggy as the primary beneficiary of his employee benefits plan, which included group term life insurance benefits. Richard and Peggy divorced in May 2001. Their divorce agreement contained a blanket revocation of their interests in all financial and property rights arising "by reason of their marital relation" and "any asset assigned to a party by this agreement" including "annuities, life insurance policies," and other financial instruments. This general waiver did not expressly name Richard's employee group term life insurance.

Prior to his death Richard worked for Deere & Company, whose employee benefit plans are governed by ERISA. The plan in which Richard participated required him to designate a beneficiary to receive payment of his benefits upon his death. The plan expressly provided that an employee's group life insurance benefits would be paid in a lump sum to the named beneficiary if the employee died. The plan further warned employees to "keep your beneficiary designation current" and "make sure these benefits go to the person(s) of your choosing." Although Richard and Peggy divorced six months before Richard died, Peggy was still the named beneficiary of Richard's employee group term life insurance policy.

Alexandria filed suit in Illinois state court seeking to impose a constructive trust upon the proceeds of Richard's group life insurance payable to Peggy as the named beneficiary. Peggy sought and obtained removal of the case to federal district court because the claim asserted a federal question: namely, whether ERISA preempts state law in determining the beneficiary of insurance benefits under an ERISA-regulated employee benefits plan. The district court adopted the recommendation of the magistrate judge denying Alexandria's motion to remand the case to state court and also granted Peggy's motion for summary judgment on the merits. Alexandria now appeals.

## II. ANALYSIS

We review the district court's grant of summary judgment *de novo*, viewing all facts and drawing all reasonable inferences in favor of the nonmoving party. *Sprague v. Central States, Southeast & Southwest Areas Pension Fund*, 269 F.3d 811, 815 (7th Cir. 2001). Alexandria raises two issues in her appeal to this court. First, she argues that ERISA does not preempt Illinois state family law and therefore the divorce agreement between her parents,

which designated her the beneficiary of Richard's life insurance policies, should control the disbursement of proceeds from Richard's ERISA-governed group term insurance policy. Second, she insists that Peggy cannot be the rightful beneficiary of the proceeds because Peggy waived any interest she might have had in Richard's group insurance policy by the terms of her own divorce agreement with him. We reject both of these arguments and affirm the district court's decision that Peggy is the proper beneficiary of the proceeds from Richard's group term life insurance.

## A. Preemption

ERISA preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan" which is subject to ERISA. 29 U.S.C. § 1144(a). In *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001), the Supreme Court held that a Washington statute was expressly preempted by ERISA where it required plan administrators to pay beneficiaries as determined by state family law rather than by plan documents. *Id.* at 146-47. The Court reasoned that the statute was impermissibly connected with ERISA because it bound ERISA plan administrators to a particular choice of state law rules for determining beneficiaries, thereby implicating an area of "core ERISA concern." *Id.* at 147. Additionally, the Court found that the statute ran counter to ERISA's command that employee benefit plans "specify the basis on which payments are made to and from the plan," § 1102(b)(4), and that fiduciaries administer the plan "in accordance with the documents and instruments governing the plan," § 1104(a)(1)(D), by making payments to a "beneficiary . . . designated by a participant, or by the terms of [the] plan." § 1002(8). Further, the statute was found to interfere with one of the principal goals of ERISA, which is "to enable employers 'to establish a uni-

form administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits.'" *Egelhoff*, 532 U.S. at 148 (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 9 (1987)).

Very recently, in *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558 (7th Cir. 2002), we applied the Supreme Court's reasoning in *Egelhoff* to uphold the distribution of proceeds from an ERISA-regulated employee benefits plan to the beneficiaries named by the deceased in the plan documents. In *Johnson* we said that "*Egelhoff* stands for the proposition that a state law cannot invalidate an ERISA plan beneficiary designation by mandating distribution to another person." *Johnson*, 297 F.3d at 566. On that basis we held that ERISA preempted the Illinois state law doctrine of substantial compliance to the extent that it affected the status of beneficiaries named in the deceased's ERISA-regulated employee benefits plan. *Id.*

In this case Alexandria seeks to invoke the Illinois state law doctrine of constructive trusts to prevent the named beneficiary, Peggy, from receiving the proceeds of Richard's ERISA-regulated group term life insurance and to apply Illinois state family law to recognize her as beneficiary of Richard's insurance policy. This presents a factual situation nearly identical to *Egelhoff* and *Johnson*, where the plaintiffs desired to invoke state law doctrines to their advantage in determining their status as beneficiaries under ERISA-regulated employee benefits plans. Though Alexandria emphasizes that a presumption against preemption exists in the area of state family law, we do not hesitate to find that presumption rebutted where, as here, Congress has made its preemption intention clear in the language of the statute, the Supreme Court has affirmed that intent, and we have applied the rule in similar cases. *See* 29 U.S.C. § 1144(a); *Egelhoff*, 532 U.S. at 151; *Johnson*, 297 F.3d at 566. We therefore hold that ERISA preempts Illinois state law with respect to determining

the rightful beneficiary of Richard's ERISA-regulated group term life insurance policy. Since Richard's ERISA-regulated employee benefits plan determines beneficiary status according to the person(s) named in the plan documents, we also find that Peggy is the proper beneficiary of the insurance policy.

### B. Waiver

Having determined that Peggy, and not Alexandria, is the beneficiary of Richard's group term life insurance policy, we still must address Alexandria's contention that Peggy waived her interest in these benefits by the terms of her divorce agreement with Richard. Even where ERISA preempts state law with respect to determining beneficiary status under an ERISA-regulated benefits plan, ERISA does not preempt an explicit waiver of interest by a nonparticipant beneficiary of such a plan. *Fox Valley & Vicinity Construction Workers Pension Fund v. Brown*, 897 F.2d 275, 282 (7th Cir. 1990) (en banc). We noted in *Fox Valley* that ERISA is silent on the issue of what constitutes a valid waiver of interest and we therefore turned to federal common law and Illinois state law to fill the gap. *Id.* at 280. *See also Johnson*, 297 F.3d at 567 (condoning use of state law to inform federal common law on topics about which ERISA is silent). The rule that emerged required proof of a specific termination of the rights in question in order to effectively waive a beneficiary's interest under an ERISA-regulated plan. *Id.* Another formulation of this principal mandates that an attempted waiver by a designated beneficiary of an ERISA-regulated benefits plan be "explicit, voluntary, and made in good faith" to be considered valid. *Manning v. Hayes*, 212 F.3d 866, 874 (5th Cir. 2000). Essentially, when we are evaluating whether the wavier is effective in a given case, we are more concerned with whether a reasonable person would

have understood that she was waiving her interest in the proceeds or benefits in question than with any magic language contained in the waiver itself. *See, e.g.*, *Clift v. Clift*, 210 F.3d 268, 271 (5th Cir. 2000).

In *Fox Valley* we found that a property settlement between the parties stating that they each waived "any interest or claim in and to any retirement, pension, profit-sharing and/or annuity plans resulting from the employment of the other party" constituted a valid waiver of the designated beneficiary's interest in the proceeds of the deceased's ERISA-regulated benefits plan. *Fox Valley*, 897 F.2d at 277. But in *Manning*, the Fifth Circuit found no waiver of a designated beneficiary's interest in the deceased's ERISA-regulated benefits where the terms of a divorce decree stated only that "no community property other than personal effects has been accumulated by the parties," that such property was to be "awarded to the party having possession," and that the division of property was to be "made pursuant to the terms" of the parties' prenuptial agreement. *Manning*, 212 F.3d at 870. Although the prenuptial agreement in *Manning* contemplated dividing the parties' property according to ownership prior to marriage and contained a promise by each party to avoid co-mingling individual with community property, it made no mention in particular of employee benefits, or insurance proceeds, or the disputed ERISA-regulated insurance policy. *Id.* at 869.

In this case, the divorce agreement between Peggy and Richard contained a blanket revocation of their interests in all financial and property rights arising "by reason of their marital relation" and in "any asset assigned to a party by this Agreement, if evidenced by an instrument naming the non-owning party a beneficiary" including "annuities, life insurance policies," and other kinds of financial instruments. Importantly, this waiver does not expressly identify Richard's ERISA-regulated employee group term

life insurance; unlike the waiver we found effective in *Fox Valley*, the waiver here never mentions employment-related benefits at all. Instead, like the divorce agreement in *Manning*, this agreement is quite specific as to the division of certain assets and property, but noticeably silent as to the distribution of others. Richard and Peggy's divorce agreement specifically assigns several assets between the parties, such as the marital residence, hunting property, motor vehicles, pension plans, personal property, and bank accounts, but nowhere does it mention or assign Richard's employee benefits, including the disputed group term life insurance policy. Moreover, Richard's ERISA-regulated employee benefits are not property arising "by reason of their marital relation," a term which refers to property rights legally vested through the act of marriage and not assets simply acquired during the marriage. Given these facts, we conclude that the language of this waiver is not sufficiently explicit to operate as a waiver of Peggy's interest in Richard's ERISA-governed benefits.

## III. CONCLUSION

Because ERISA preempts Illinois state law with respect to determining the status of beneficiaries under ERISA-regulated employee benefits plans, we conclude that Peggy Melton, as the named beneficiary in the plan documents, is the proper beneficiary of Richard Melton's employee group term life insurance policy. We further find that Peggy Melton has not waived her interest in the proceeds of this insurance policy by the terms of her divorce agreement with Richard Melton. We therefore AFFIRM the district court's grant of summary judgment in favor of Peggy Melton.

No. 02-2984 9

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*