United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-10212

_____

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

          Plaintiff

     v.

KIMBERLYE FINCH

          Defendant - Appellant

     v.

EDDIE LEE GALAWAY, Administrator, on behalf
of Estate of Bradford Wayne Galaway

          Defendant - Appellee

_____

Appeal from the United States District Court for the
Northern District of Texas

_____

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit
Judges.

KING, Chief Judge:

     The Guardian Life Insurance Company of America filed this

interpleader action in order to determine who should receive the

proceeds of a life insurance plan governed by ERISA.  Eddie Lee

Galaway, the administrator of the decedent's estate, claimed that

the estate should receive the proceeds because Kimberlye Finch,

the named beneficiary and the decedent's ex-wife, waived her

1

rights to them when she and the decedent divorced. By order of the district court and with the consent of all parties, this case was transferred to a magistrate judge. Applying the federal common law of waiver, the magistrate judge agreed with Eddie Lee Galaway, determining that Finch had waived her rights under the plan. Accordingly, the magistrate judge granted summary judgment in his favor. Finch now appeals this decision, citing Egelhoff v. Egelhoff, 532 U.S. 141 (2001), for the proposition that a federal district court must look to the text of ERISA itself, not to federal common law, when identifying the beneficiary of a plan governed by ERISA. For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bradford Wayne Galaway ("Galaway") and Kimberlye Finch married on September 22, 2001. On February 1, 2002, the Guardian Life Insurance Company ("Guardian") had issued to Galaway's employer a group life insurance policy covering Galaway. Galaway named Finch as the beneficiary of this policy. All parties to this suit agree that this life insurance policy is an employee welfare benefits plan governed by § 3(21)(A) of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (2000).

On June 20, 2002, Galaway and Finch divorced. As part of the divorce proceedings, they voluntarily entered into an Agreed Final Decree of Divorce that awarded Galaway all "right, title,

2

interest, and claim in and to" his life insurance policies. The Agreed Final Decree of Divorce divested Finch of her interest in any such policies.

On November 8, 2002, Galaway died intestate in an airplane accident. At the time of his death, Galaway had not changed the named beneficiary of his life insurance policy.

After Galaway's death, both Eddie Lee Galaway, as administrator of Bradford Wayne Galaway's estate, and Finch claimed sole entitlement to the insurance proceeds. On May 30, 2003, Guardian filed an interpleader action in the United States District Court for the Northern District of Texas, in which it asked the court to identify the proper beneficiary of the insurance proceeds.

In deciding the present case, the magistrate judge, citing Fifth Circuit precedent, applied federal common law to determine that Finch had waived her rights to the insurance proceeds. Accordingly, the magistrate judge granted summary judgment in favor of Eddie Lee Galaway and denied Finch's cross-motion for summary judgment. Finch now appeals this decision.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo. Martinez v. Schlumberger, Ltd., 338 F.3d 407, 410-11 (5th Cir. 2003); Clift v. Clift, 210 F.3d 268, 269-70 (5th Cir. 2000). Summary judgment is appropriate when no genuine issue as to any material fact exists and the moving party is

3

entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).

## III. ANALYSIS

On appeal, Finch argues that the magistrate judge erred when she relied on federal common law to identify the beneficiary of the life insurance plan.  In support of this claim, Finch invites the court's attention to Egelhoff, 532 U.S. at 141, which she claims undermines this circuit's longstanding practice of looking to federal common law to determine if the named beneficiary of an ERISA-governed benefits plan has effected a valid waiver of her rights.  All parties appear to agree that this issue--whether, after Egelhoff, courts can rely on federal common law to determine if the beneficiary of an ERISA plan has waived her rights--is the sole issue before the court.  Likewise, all parties appear to agree that this case should be disposed of on summary judgment because the facts of the case are not in dispute.

Finch's claim that the magistrate judge improperly applied federal common law when deciding this case fails.  In this circuit, we have applied federal common law to determine whether the named beneficiary of a plan governed by ERISA has waived her rights under the plan.  See Manning v. Hayes, 212 F.3d 866 (5th Cir. 2000), cert. denied, 532 U.S. 941 (2001).  For the reasons set forth below, Egelhoff does not undermine this approach.

### A.    Fifth Circuit Precedent

In a series of cases, this court has held that when ERISA

4

preempts state law, we apply federal common law to determine whether a beneficiary like Finch has effected a waiver. See Manning, 212 F.3d at 866; Clift, 210 F.3d at 268; Brandon v. Travelers Ins. Co., 18 F.3d 1321 (5th Cir. 1994). Following this line of precedent, a waiver is valid if it is "explicit, voluntary and made in good faith." Manning, 212 F.3d at 871; see also Clift, 210 F.3d at 269-71; Brandon, 18 F.3d at 1325-27. In Brandon, a case quite similar to the present one, we held that a decedent's ex-wife, who was the named beneficiary of a life insurance plan governed by ERISA, was not entitled to the proceeds of the plan because she waived them in a settlement agreement. Specifically, in Brandon, this court found that ERISA preempted a Texas state law that would have automatically nullified upon divorce the decedent's previous designation of his then-wife as the plan's beneficiary. Brandon, 18 F.3d at 1325. After making this finding, this court then sought to "ascertain the law that is applicable to the controversy" by looking to the "statutory language or, finding no answer there, to federal common law . . . ." Id. (internal quotation marks omitted). Similarly, in Manning, this circuit followed the same approach. See Manning, 212 F.3d at 870. Specifically, it asked "whether, having established that the state law is preempted, the federal law governing the resolution of [the case] may be reasonably drawn from the text of ERISA itself, or must instead be developed as a matter of federal common law." Id. Thus, in a series of

5

cases, this court has consistently applied federal common law to determine the proper beneficiary of plans governed by ERISA.

Outside of this circuit, the majority of courts that have considered whether federal common law governs disputes between an ex-spouse who is an ERISA plan's designated beneficiary and other claimants to the plan's proceeds have reached the same conclusion that this court has reached. Specifically, most courts have: (1) concluded that ERISA does not preempt a waiver by a named beneficiary of her interest in the plan's proceeds; and (2) relied on federal common law principles in order to determine if the named beneficiary effected a valid waiver of her rights under the plan. See Hill v. AT&T Corp., 125 F.3d 646, 648 (8th Cir. 1997); Estate of Altobelli v. Int'l Bus. Machs. Corp., 77 F.3d 78, 81-82 (4th Cir. 1996); Mohamed v. Kerr, 53 F.3d 911, 914 (8th Cir. 1995), cert. denied, 516 U.S. 868 (1995); Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown, 897 F.2d 275, 280 (7th Cir. 1990) (en banc), cert. denied, 498 U.S. 820 (1990); Metro. Life Ins. Co. v. Flinkstrom, 303 F. Supp. 2d 34, 39-43 (D. Mass. 2004); John Hancock Mut. Life Ins. Co. v. Timbo, 67 F. Supp. 2d 413, 419-20 (D.N.J. 1999). Only the Sixth Circuit has clearly gone the other way, finding that the text of ERISA forecloses employing federal common law to determine a plan's beneficiary. Metro. Life Ins. Co. v. Pressley, 82 F.3d 126, 129-30 (6th Cir. 1996) (concluding that "[t]he Sixth Circuit takes a different view [from the majority of other circuits] and holds

6

that ERISA itself supplies the rule of law."). Hence, the majority of circuits that have considered the issue presently before this court have concluded, as we have done in the past, that it is appropriate to apply federal common law to determine if the named beneficiary of an ERISA plan has waived her rights.

**B.    Finch's Arguments**

In her appellate brief, Finch argues that Egelhoff effectively overrules this circuit's decisions looking to federal common law to identify the beneficiary of an ERISA plan. Instead, according to Finch, Egelhoff requires courts to look solely to the text of ERISA and to the plan documents--not to federal common law--in order to determine the proper beneficiary of a life insurance policy governed by ERISA. In support of this claim, Finch cites a passage in Egelhoff in which the Supreme Court stated that "ERISA's pre-emption section, 29 U.S.C. § 1144(a), states that ERISA shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan covered by ERISA." Egelhoff, 532 U.S. at 146 (internal quotation marks omitted). Finch also notes that the Supreme Court held that a "fiduciary shall administer the plan 'in accordance with the documents and instruments governing the plan,' making payments to a 'beneficiary' who is 'designated by a participant, or by the terms of [the] plan.'" Id. at 147 (alteration in original) (internal citation omitted). According

7

to Finch, the magistrate judge's ruling in the present case, which relies on federal common law rather than the language of the plan documents, effectively abrogates ERISA as it relates to life insurance plans. Thus, Finch argues that the magistrate judge erred when she looked to federal common law in order to identify the plan's beneficiaries.

Second, Finch argues that the magistrate judge erred because applying federal common law to determine a plan's beneficiary would undermine the goal of uniformity in the application of ERISA. In support of this claim, Finch notes that in Egelhoff, the Supreme Court held that ERISA preempted a Washington statute providing for the automatic revocation of the designation of a former spouse as a plan's beneficiary upon a divorce. According to the Court, preemption was necessary in order to prevent "[r]equiring ERISA administrators to master the relevant laws of 50 States . . . ." Egelhoff, 532 U.S. at 149. The Court further noted that "[u]niformity is impossible, however, if plans are subject to different legal obligations in different States." Id. at 148. While Egelhoff pertained to a state statute, Finch contends that the uniformity it refers to would be defeated if plans are subject to different legal obligations in different federal districts or circuits. Accordingly, Finch claims that the magistrate judge erred when she relied on federal common law to decide this case.

## C. The Effect Of Egelhoff

Contrary to Finch's assertions, Egelhoff does not undermine this court's practice of applying federal common law to determine if an ERISA plan's named beneficiary has effected a valid waiver of her rights under the plan. First, the holding of Egelhoff is inapplicable to the present case because Egelhoff does not address the application of federal common law to ERISA plans. Rather, Egelhoff only addresses whether ERISA preempts a state statute that automatically revokes the designation of a spouse as the beneficiary of a life insurance policy upon divorce. Egelhoff, 532 U.S. at 141. The Supreme Court's holding in Egelhoff--that ERISA does preempt a state statute that automatically revokes an ex-spouse as a plan's beneficiary after a divorce--is unremarkable and is in line with a number of decisions from this court holding that ERISA preempts state laws of this sort. See, e.g., Manning, 212 F.3d at 870 (holding that 29 U.S.C. § 1144(a) preempts all state laws insofar as they relate to an ERISA plan). Finch's attempt to extend the holding of Egelhoff beyond its facts so as to undermine the magistrate judge's reliance on federal common law in the present case is unsupported by any case law and flatly contradicts this court's prior precedent. See, e.g., Manning, 212 F.3d at 871; Clift, 210 F.3d at 269-71; Brandon, 18 F.3d at 1325-26. This court sees no reason to extend the scope of Egelhoff to find that it preempts

9

federal common law in addition to state statutes.  Accordingly, the magistrate judge properly relied on federal common law when determining that Finch had waived her rights under the life insurance plan.

Second, the goal of uniformity that the Supreme Court discusses in Egelhoff is not undermined when courts rely on the federal common law of waiver to determine if a beneficiary has waived her rights under an ERISA plan.  To begin with, Egelhoff only discusses the problems created when plan administrators must look to state law in order to identify a plan's beneficiary. Egelhoff, 532 U.S. at 148 (stating that uniformity would be undermined if plans are subject to different legal obligations in different states).  Egelhoff never holds that uniformity would be undermined if courts relied on federal common law.  In fact, plan administrators must at times look to federal common law (e.g., to determine how a certain provision of ERISA has been interpreted in a particular circuit).  Thus, reliance on federal common law cannot alone undermine the uniformity that the Supreme Court discusses in Egelhoff.  Moreover, applying federal common law to determine if an ERISA plan's beneficiary waived her rights can be seen as promoting, rather than undermining, national uniformity. See Fox Valley, 897 F.2d at 281-82 ("As we have noted, federal courts are charged with creating federal common law rules to govern ERISA, and the creation of such federal rules will provide the needed uniformity.").  Thus, Finch's argument that reliance

10

on federal common law would undermine national uniformity fails.

Third, the Supreme Court in Egelhoff strongly suggested that courts can at times rely on common law principles when determining the identity of the beneficiary of an ERISA plan. Egelhoff, 532 U.S. at 152. Referring to state "slayer" statutes, the Supreme Court stated:

> In the ERISA context, these "slayer" statutes could revoke the beneficiary status of someone who murdered a plan participant. Those statutes are not before us, so we do not decide the issue. We note, however, that the principle underlying the statutes--which have been adopted by nearly every State--is well established in the law and has a long historical pedigree predating ERISA. And because the statutes are more or less uniform nationwide, their interference with the aims of ERISA is at least debatable.

Id. (internal citations omitted). Accordingly, the Supreme Court has, at times, noted that it might be proper for lower courts to look to common-law principles when interpreting provisions of ERISA. See id.; Varity Corp. v. Howe, 516 U.S. 489, 498, 502 (1996) (using the common law as a starting point for interpreting ERISA's fiduciary duties).

Finally, several post-Egelhoff decisions from other circuits reinforce our conclusion that Egelhoff does not undermine this court's application of federal common law to determine if an ERISA plan's named beneficiary has effected a valid waiver. For instance, in Melton v. Melton, 324 F.3d 941 (7th Cir. 2003), the Seventh Circuit relied on federal common law to determine if a valid waiver had been effected by a plan's beneficiary. The

11

Seventh Circuit concluded that "[e]ven where ERISA preempts state law with respect to determining beneficiary status under an ERISA-regulated benefits plan, ERISA does not preempt an explicit waiver of interest by a nonparticipant beneficiary of such plan." Id. at 945. Similarly, in Metropolitan Life Insurance Co. v. Johnson, 297 F.3d 558, 567 (7th Cir. 2002), the Seventh Circuit stated that "[t]he Supreme Court has recognized, in situations where ERISA preempts state law but is silent on a topic, that courts would have to develop a body of federal common law . . . ." A number of federal district courts and state courts have reached similar conclusions. See, e.g., Flinkstrom, 303 F. Supp. at 39-43; Metro. Life Ins. Co. v. Palmer, 238 F. Supp. 2d 821, 824-26 (E.D. Tex. 2002); Keen v. Weaver, 121 S.W.3d 721, 725 (Tex. 2003) ("We do not believe that Egelhoff precludes the application of federal common law to this dispute."); Silber v. Silber, 99 N.Y.2d 395, 404 (N.Y. 2003) ("[T]he weight of federal authority now favors the view that a named beneficiary may waive its rights as a designated beneficiary through a waiver that meets common-law requirements.").

Thus, for all of the foregoing reasons, Egelhoff does not undermine this court's longstanding approach of relying on federal common law to determine if an ERISA plan's beneficiary has effected a common law waiver. Accordingly, the district court did not err when, following Fifth Circuit precedent, it

12

relied on federal common law to grant summary judgment in favor of Eddie Lee Galaway because Finch had effected a valid waiver of her rights under the life insurance plan.

## IV. CONCLUSION

For the foregoing reasons, this court AFFIRMS the judgment of the district court.