United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

05-50072

_____

DELORES DOHNALIK,

Plaintiff-Appellee,

v.

MAHAMALEA SOMNER,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas

_____

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This case presents a new twist on a long-resolved issue. The question is whether Samuel P. King's ("King") designation of Delores Dohnalik ("Dohnalik") as the beneficiary of his Serviceman's Group Life Insurance policy survives the divorce decree that purports to divest her of any interest in his life insurance policies. We agree with the district court that Dohnalik's beneficiary status did survive the divorce decree and AFFIRM.

## I.  FACTS AND STANDARD OF REVIEW

The facts are undisputed.  King and Dohnalik married in 1993. In February, 2002, King attained an insurance policy under the Servicemembers Group Life Insurance Act ("SGLIA") that listed Dohnalik as the principal beneficiary and his mother, Mahamalea Somner ("Somner"), as the contingent beneficiary.  Several months after the policy took effect the District Court of Bell County, Texas entered its decree finalizing a divorce between King and Dohnalik.  The decree provided, in relevant part, that Dohnalik was "divested of all right, title, interest and claim in . . . [a]ll policies of insurance (including cash values) insuring [King's] life."  The decree was signed as "consented to" by both parties and was entered on December 19, 2002.

Just fifteen days after their divorce was finalized, King died on January 3, 2003.  King never changed his SGLIA beneficiary designation.  Dohnalik was still listed as the primary beneficiary and Somner the contingent beneficiary.  After King's death, both Dohnalik and Somner filed claims for the SGLIA policy proceeds. The office of Servicemembers Group Life Insurance informed both parties that it viewed Dohnalik—the designated beneficiary—as the rightful claimant.  After failed negotiations, Dohnalik brought this action for a judgment declaring her the beneficiary.

The parties filed cross motions for summary judgment.  The district court found that Dohnalik was the rightful beneficiary of King's SGLIA policy and Somner brings this appeal.  This Court

2

reviews the district court's grant of summary judgment *de novo*. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003).

## II. DISCUSSION

The question raised is whether the designation of an SGLIA policy beneficiary survives a state divorce decree purporting to divest the designee of any such interests. The district court, relying on *Ridgway v. Ridgway*, 454 U.S. 46 (1981), held that the designation survives. We agree.

### A. RIDGWAY V. RIDGWAY

In *Ridgway v. Ridgway,* an SGLIA policy holder had designated his first wife as his policy's principal beneficiary. When the two divorced, a state court entered a divorce decree agreed to by both parties that required him "to keep in force the life insurance policies on his life now outstanding for the benefit of the parties' three children." *Id.* at 51. Shortly after the decree was entered, he defied its terms by designating his second wife as the new principal beneficiary. After his death, both women filed claims seeking his policy proceeds.

The Supreme Court held that the plain terms of the SGLIA dictate that the named designee receives the policy's proceeds and that "a state divorce decree . . . must give way to clearly conflicting federal enactments." *Id.* at 55. It further held that "Congress has insulated the proceeds of SGLIA insurance from attack

3

or seizure by any claimant other than the beneficiary designated by the insured." *Id.* at 63.

While *Ridgway* favors Dohnalik, as the named beneficiary of the SGLIA policy, it is distinguishable. In *Ridgway*, the divorce decree circumscribed the policy holder's right to freely choose his beneficiary under the SGLIA. It required him to maintain his three children as beneficiaries of his policy, thereby frustrating the SGLIA's purpose of allowing policy holders to freely choose their beneficiaries. Here, the appellant points out that the divorce decree in no way restricts King's right to choose his designee; it merely acts as a waiver of Dohnalik's rights under the policy. Since *Ridgway* left open the possibility that "wrongdoing by the named beneficiary" may extinguish a designee's claim, 454 U.S. at 63 n.12, the appellant argues that a voluntary waiver may also revoke a designee's beneficiary status.

While this narrow reading of *Ridgway* is plausible, it fails to appreciate the hardline stance that the Court applied. Like this case, *Ridgway* involved a consensual divorce decree. *Id.* at 48, 53-54. When the policy holder breached that voluntary agreement, the Court did not undertake any analysis as to whether his consent to the decree operated a waiver of his right to freely choose the beneficiaries under the SGLIA. *Id.* (attaching no significance to fact that decree resulted from "voluntary agreement").

4

*Ridgway* took a strong stance that the provisions of the SGLIA govern these disputes and that the party designated as the principal beneficiary prevails, regardless of any contrary state court decrees. This Court has recognized that, under the pertinent administrative regulations, a change of beneficiary under the SGLIA "will take effect only if it is in writing, signed by the insured and received prior to the death of the insured." *Prudential Ins. Co. v. Smith*, 762 F.2d 476, 478 (5th Cir. 1985) (citations omitted). Even before *Ridgway*, this Circuit recognized that an SGLIA beneficiary "designation can be changed only by a document and procedure [complying with the statutory formalities]." *Coomer v. United States*, 471 F.2d 1, 6 (5th Cir. 1973).

This stronger reading of *Ridgway* is supported by our sister circuits. For instance, the Eighth Circuit noted that "the only way to change a beneficiary under the SGLIA is to communicate that decision in writing to the proper office. . . . To allow a change of beneficiary by other means would be contrary to the terms established by Congress as addressed in *Ridgway*." *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 367 (8th Cir. 1997). It further held that "a divorce decree cannot operate as a waiver or restriction of an insured's right to change the beneficiary when federal regulations conflict." *Id*. Similarly, the Eleventh Circuit read *Ridgway* as requiring strict construction of the designee provisions to ease administrative costs and uncertainty. *See Lanier v. Traub*,

5

934 F.2d 287, 289 (11th Cir. 1991).

That this case concerns a potential *beneficiary's* waiver, rather than the policy holder's, is of little significance. In either case the waiver would only be effective if a state divorce decree could override the explicit terms of the SGLIA. *Ridgway* is quite clear that a policy holder's explicit designation "pre-empts all state law that stands in its way." 454 U.S. at 61 (citing *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 584 (1979)). While the Court recognized that this formalism could lead to "unpalatable" results, it is what the SGLIA dictates. *Id.* at 62.

King was free at any time to change his designated beneficiary.[1] He chose not to, and there is no indication in the record that he intended to, so his designation of Dohnalik as the policy's principal beneficiary is controlling.

B.  ERISA WAIVER CASES ARE INAPPLICABLE

---

[1] Since King could have removed Dohnalik as the SGLIA policy beneficiary at any time, it is difficult to conceptualize what a waiver of Dohnalik's rights might entail. Query how one waives a right they do not have. Dohnalik had no right to *remain* a designee. That status was entirely contingent on King's discretion, so there was no future entitlement for her to waive. Perhaps such a waiver prohibits the policy holder from ever designating the waivee as a beneficiary, just nullifies any prior designation but allows for a subsequent one, or maybe Dohnalik remained the beneficiary but just waived her right to claim the proceeds. As curious as a waiver concept may be in this context, we have previously discussed it in similar terms. *See Guardian Life Ins. Co. of America v. Finch*, 395 F.3d 238, 240 (5th Cir. 2004).

6

Appellant points out that, in this Circuit, designated beneficiaries under the Employee Retirement Income Security Act ("ERISA") may waive their entitlements through divorce decrees. *See Guardian Life Ins. Co. of Am. v. Finch*, 395 F.3d 238 (5th Cir. 2004); *Clift v. Clift*, 210 F.3d 268 (5th Cir. 2000). She argues that these cases apply equally to SGLIA beneficiaries. We disagree.

We need not delve into the statutory differences between ERISA and SGLIA. Suffice it to say that the Supreme Court has provided clear guidance that a properly designated SGLIA beneficiary cannot be displaced by state divorce decrees, *Ridgway*, 454 U.S. at 61 (SGLIA designation "pre-empts all state law that stands in its way"), but has never made so strong a statement with regard to ERISA beneficiaries.

While *Ridgway* held that the SGLIA preempts all state law, including court orders, the preemptive power of ERISA is limited to state *statutory* law. *See Finch*, 395 F.3d at 242-43. That was this Court's explicit basis for finding that a divorce decree may override an ERISA beneficiary designation. *Finch* held that recent relevant Supreme Court authority "does not address the application of federal common law to ERISA plans. . . . *Egelhoff* only addresses whether ERISA preempts a state statute." *Id.* (citing *Egelhoff v. Egelhoff*, 532 U.S. 141 (2004)). Thus, *Egelhoff* was narrowly construed as applying only to state statutory law.

7

*Ridgway*'s holding is not so limited. This is clear since *Ridgway* did not concern a statute at all, but a divorce decree. The facts of *Ridgway* also implicated the common law waiver doctrine, since the divorce decree was consented to by both parties, but the Court seemed unmoved by the voluntary nature of the divorce decree. In short, the Court in *Ridgway* took a hardline stance that the SGLIA provisions override any law to the contrary. While the Court did reserve judgment as to situations "where the named beneficiary murders the insured service members," 454 U.S. at 60 n.9, this only strengthens the point since even in such a drastic situation the Court was not willing to fully retreat from its formalistic approach.

While limiting ERISA's preemptive force to state statutes and allowing beneficiaries to waive ERISA claims is consistent with Supreme Court precedent—albeit fairly contested[2]—the same waiver analysis cannot apply to the SGLIA in light of *Ridgway*.

### III. CONCLUSION

---

[2] *See McGowan v. NJR Service Corp.*, 423 F.3d 241, 245 (3d Cir. 2005) ("ERISA imposes a fiduciary duty on plan administrators to discharge their duties 'in accordance with the documents and instruments governing the plan.'"); *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir. 1996) ("[ERISA] establish[es] a clear mandate that plan administrators follow plan documents to determine the designated beneficiary."); *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 16 (2d Cir. 1993) ("It would be counterproductive to compel the Policy administrator to look beyond those designations into varying state laws regarding wills, trusts and estates, or domestic relations to determine the proper beneficiaries of Policy distributions.").

If an SGLIA policy-holder wishes to change his designated beneficiary, he must communicate that decision to the proper office. King failed to do so, and the provisions of the SGLIA dictate that Dohnalik remains the designated beneficiary. *Ridgway* requires that we strictly construe the SGLIA provisions, and it is agreed that Dohnalik is the beneficiary under those terms. We therefore agree with the district court that Dohnalik is the rightful claimant and AFFIRM.