# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-10908
Summary Calendar

RACHEL RUIZ,

Plaintiff – Appellant,

ESTATE OF BRADLEY JAMES THOMPSON, Deceased,

Intervenor – Appellant

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant – Third Party Plaintiff

v.

KRISTINA THOMPSON,

Third Party Defendant – Appellee.

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:07-CV-029-BE

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth

Arkansas Army National Guard member Bradley James Thompson died on October 20, 2006, triggering a payout on his Servicemen's Group Life Insurance Act policy. Appellant Rachel Ruiz was Bradley Thompson's wife at the time of his death. As executor of his estate, and on her own behalf as a putative beneficiary of the SGLIA policy, Ruiz appeals an order of summary judgment holding that Third Party Defendant–Appellee Kristina Thompson, Bradley Thompson's *previous* wife, is a 25 percent beneficiary of the SGLIA policy. Reviewing the grant of summary judgment *de novo*, we affirm.[1]

Federal law directly governs the procedures for designating beneficiaries of an SGLIA policy. *See generally Ridgway v. Ridgway*, 454 U.S. 46 (1981). Under *Ridgway*, neither state law nor state court orders such as divorce decrees can modify designated beneficiaries under the SGLIA. *Dohnalik v. Somner*, 467 F.3d 488, 490–91 (5th Cir. 2006). The designated beneficiaries can only be changed if "the proper office" receives, prior to the death of the insured, an appropriate signed document changing the beneficiary. *Id.* at 490, 491.

It is clear from the record that prior to Bradley and Kristina Thompson's divorce on September 16, 2006, the proper military office received an appropriate designation of beneficiary form, signed by Bradley, designating Kristina a 25 percent beneficiary of his SGLIA policy. The parties dispute, however, whether he changed that designation after he and Kristina divorced.

Kristina Thompson submitted as evidence an affidavit from Sergeant First Class Paul J. Melton, in which he states it was his responsibility, as a member of Bradley Thompson's National Guard unit, to review personnel files and

---

Circuit Rule 47.5.

[1] We review a grant of summary judgment de novo. *Waltman v. Payne*, 535 F.3d 342, 349 (2008). In addition to granting summary judgment for Kristina Thompson against Ruiz, the trial court denied Ruiz's motion for summary judgment. We interpret Ruiz's appellate brief to challenge the granting of Thompson's motion, rather than the denial of her own, but in any case we would uphold the trial court on both decisions.

ascertain the SGLIA designation of beneficiary form in force upon the death of a member of the unit. He states that Bradley Thompson had possession of his own personnel file at the time of his death, because he needed it to apply for a job in Texas. Melton traveled to Texas to attend Bradley Thompson's funeral and recover the file. He states that "[t]he most recent designation form in [Bradley Thompson's] file is the one . . . in which Kristina Thompson was designated a 25 percent lump-sum beneficiary . . . dated September 19, 2005."

Ruiz presented a document purporting to be a subsequent form in which Bradley, after the divorce, substitutes Ruiz for Kristina Thompson. It contains a "Bradley Thompson" signature, but it is not signed or acknowledged in the appropriate boxes to indicate receipt by the military. Ruiz claims it is a copy she found in Bradley Thompson's truck, and speculates that he must have turned in the original form prior to his death. She also challenges various aspects of the Melton affidavit. Most importantly she argues that Melton does not claim personal knowledge sufficient to rule out Thompson having turned in a subsequent form.

We need not decide whether the objections to the Melton affidavit are valid, because we agree with the district court that Ruiz fails to raise a fact issue on whether a proper office ever received a signed form substituting Ruiz for Kristina Thompson. Kristina Thompson's motion for summary judgment appropriately demonstrated that she was the properly designated beneficiary as of September 19, 2005. To survive summary judgment it was then incumbent upon Ruiz, by affidavits of her own, depositions, answers to interrogatories, or admissions on file, to demonstrate a fact issue as to whether the proper office later received a signed form substituting Ruiz as the beneficiary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Ruiz pleaded contrary facts, but failed to support them with evidence. According to her brief, Ruiz's evidence that the proper office received such a change of beneficiary form consists of "Appellant's

opinion" that Melton "was earlier personally involved . . . with absconding with and losing or intentionally losing or destroying the original copy of the Decedent's signed change of beneficiary form which he had executed in behalf of his new wife."[2] Ruiz cites no evidence that Bradley Thompson ever gave such a form to Melton or that Melton would have been the appropriate person to receive the form at the time, nor any evidence that Melton lost or absconded with such a form. She states no possible motive for such conduct. She does not contest that she declined to depose Melton, and she cites no evidence that he is anything other than an upstanding serviceman. In light of these omissions, her copy of the purported change of beneficiary form does not create a fact issue under the strict standards of *Ridgway*.

Ruiz's remaining arguments against summary judgment are without merit. She attempts to avoid Kristina Thompson's evidence by proposing we apply various canons of statutory construction to an order below, to absurdly conclude that the trial court meant to grant leave to file a motion, but not the accompanying brief and exhibits. We decline to do so; the trial court's contrary intent appears from the order itself, common sense, and subsequent rulings. We also reject Ruiz's argument that various facts should be deemed admitted by Kristina Thompson based on failure to deny assertions in Ruiz's cross-claims. The trial court properly concluded that the cross-claims were "no more than the inverse of the cross-claim asserted by [Kristina] Thompson." Ruiz had notice of Kristina Thompson's contrary assertions, and therefore cannot prevail based solely on unsupported pleadings. *See Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987).

---

[2] We note that Ruiz, supposedly "[f]or purposes of brevity and convenience," declined to include "a formal statement of the facts" in her brief. She likewise failed to attach supporting record excerpts or otherwise cite supporting evidence in the record. She argues she raised fact issues "based upon the pleadings alone."

The ruling below is therefore AFFIRMED.